UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
Sacramento Division

| | |
|---|---|
| UNITED STUDENT AID FUNDS, INC. | No. Civ. 2:10-CV-03207-WBS-EFB |
| Plaintiff, | CONSENT DECREE/JUDGMENT |
| v. | |
| CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOCIATION, | |
| Defendant. | Courtroom: 5 |

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over this student loan garnishment case pursuant to the Higher Education Action of 1965 and the Federal Family Education Loan Program. See 20 U.S.C. §§ 1071(a), 1085(d), 1095(a)(6); see also 34 C.F.R. 682.410(b)(10)(I)(F).

2. Defendant CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOCIATION ("CCPOA") having acknowledged that as required by the foregoing statutory provisions, between December 11, 2009 and December 27, 2010, 2010, it failed to withhold (15%) of the disposable pay of the borrower at issue, (Leon C. Helton) namely, 15% of $27,876.00 ($2,323 net monthly pay times 12 months) or $4,181.40, plus unpaid interest in the amount of $240.62 (the "Arrearage"), Defendant CCPOA

shall pay to USA as follows:

    a    Lump Sum Payment:   CCPOA shall to remit to USA Funds $7,981.17 on or before January 31, 2011 in the form of a Cashier's Check/Treasurer's Check, Money Order, Attorney Escrow Account check, or other form of guaranteed funds made payable to Fox Rothschild, LLP, attorneys for United Student Aid Funds and delivered to Shereen Arthur, Esquire, Fox Rothschild LLP, 2000 Market Street, 20th Floor, Philadelphia, PA 19103.  This sum is comprised of the "Arrearage" plus statutory attorneys fees totaling $3,146.63  and recoverable litigation costs totaling $412.52;

    b.    Future Sum Payments:   CCPOA shall withhold from the wages of employee, Leon C. Helton and pay to USA Funds 15% of the borrower's disposable commencing January 31, 2011 until said debt is satisfied or his employment terminates, whichever is sooner.

    d.    Payments for future garnishments shall be by check, in guaranteed immediately available funds, made payable to  "Allied Interstate Inc." and delivered to Allied Interstate, Inc. SLS Division 12755 Highway 55 Suite 300 Plymouth MN 55441 unless USA Funds shall notify CCPOA in writing of another address or addressee to which payments are to be sent. CCPOA shall notify USA Funds in writing of any changes to its addresses and telephone numbers.  The checks shall include Leon C. Helton's name and Social Security Number.

3. Any notice required shall be in writing; delivered to such party by hand or by any form of United States Mail or commercial courier service as provides a written receipt of delivery; effective upon receipt; and addressed to the Party as follows (unless that Party shall in the interim have given notice that such notices shall be delivered to a different address):

    a.    SallieMae, Inc.
        11100 USA Parkway

| | |
|---|---|
| 1 | Fishers, Indiana 46038 |
| 2 | with a copy to: |
| 3 | Shereen Arthur, Esq. |
| 4 | 2000 Market Street, 20th Floor |
| 5 | Philadelphia, Pennsylvania 19103 |

6. 4. A failure or forbearance by USA Funds to act upon a Default or otherwise to enforce the terms of this Agreement shall not constitute a waiver of that term or the right to enforce that term.

9. 5. Pursuant to 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 305, the Magistrate Judge shall retain jurisdiction over all disputes between and among the parties arising out of the settlement agreement, including but not limited to interpretation and enforcement of the terms of the settlement agreement. Should such proceedings be instituted, the prevailing party shall be entitled to an award of actual attorneys fees and costs pursuant to 20 U.S.C. § 1095(a)(6).

IT IS SO ORDERED.

Dated: January 21, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE